UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-496 |
| RICARDO VILLA, | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the *pro se* motion of Petitioner, Ricardo Villa, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### BACKGROUND

On November 18, 1999, Villa was indicted in a multi-count indictment, charging him as a participant in a narcotics conspiracy. On August 20, 2000, Villa pled guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, 50 grams of cocaine base, commonly known as "crack," and marijuana, in violation of 21 U.S.C. § 846 (Count I) without a plea agreement. On January 29, 2004, Villa was sentenced to 360 months' imprisonment.

Villa then appealed, and on February 13, 2007, the Court of Appeals remanded for re-sentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and

*United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). On May 29, 2008, the district court re-sentenced Villa to 276 months' imprisonment.

Villa appealed this sentence, asserting that the sentence exceeded the statutory maximum and that the district court failed to adequately consider the Supreme Court's ruling in *Kimbrough v. United States*, 552 U.S. 85 (2007) (*Kimbrough*), that a judge may consider his own disagreement with the 100:1 sentencing ratio for crack and powder cocaine under the Sentencing Guidelines when determining the appropriate sentence for a defendant. On September 25, 2009, the Court of Appeals affirmed Villa's sentence and dismissed his appeal, holding that "[T]here are no non-frivolous issues for appeal in either case. The district judge properly calculated the applicable guideline ranges, did not err in his factual findings, and imposed reasonable sentences below the range after considering the factors articulated in 18 U.S.C. § 3553(a)." *United States v. Villa*, Nos. 08-2614, 08-3026, 2009 WL 3059022, *1 (7th Cir. Sept. 25, 2009). Villa then filed a *certiorari* petition, which was denied on January 25, 2010.

On January 6, 2011, Villa filed this Section 2255 petition.

## LEGAL STANDARD

Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

28 U.S.C. § 2255 (2006). The relief described in this section is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, Villa filed this petition *pro se*; therefore, his position is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

Villa advances two groups of claims. The first group relates to alleged errors made by the district court at his second sentencing, and the second group relates to ineffective assistance of counsel.

### *Villa's Second Sentencing*

Villa argues that the district court failed to use the sentencing guidelines in effect at that time, erred in recalculating the drug quantity, and failed to consider the discretion it was allowed in departing from the 100:1 ratio pursuant to *Kimbrough*.

The doctrine of the law of the case forbids a prisoner to relitigate, in a collateral proceeding, an issue that was decided on his direct appeal. *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (*White*). "[A] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994), (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). In the absence of changed circumstances of fact or law, an issue that was already

3

decided on direct appeal will not be reconsidered in a Section 2255 petition. *Id.* It makes no difference whether the claim was presented in an *Anders* brief or in any other format. A dismissal of an appeal as frivolous is a binding adjudication that the claims presented in it had no merit. *White*, 371 F.3d at 903.

On Villa's second appeal, the Court of Appeals held that there were no non-frivolous issues for appeal and affirmed that the district court judge properly sentenced Villa. In light of the Court of Appeals' ruling, Villa's claims of alleged errors committed at his second sentencing are foreclosed.

### Ineffective Assistance of Counsel

Villa alleges ineffective assistance of his trial, sentencing, and appellate counsel. A claim that could have been raised on appeal is procedurally defaulted if not raised in the appeal. *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). But the failure to raise an ineffective-assistance-of-counsel claim on appeal, however, does not constitute a waiver of a claim by a defendant under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a defendant must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove that there is a reasonable probability that the proceeding would have had a different result but for the unprofessional errors. *Id.*

When a court reviews a claim of ineffective assistance of counsel, the court's review is "highly deferential" to the attorney, "with the underlying assumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689)). "Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quoting *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002)).

Villa argues that his counsel inaccurately predicted that he would receive a sentence between 17 to 18 years. Even if Villa's account of his conversation with counsel is accurate, his allegations do not rise to the level of ineffective assistance of counsel. Petitioner was ultimately sentenced to 23 years, and he has not shown that his attorney did not make a good-faith estimate of the likely sentence. The Seventh Circuit has held that an attorney's incorrect prediction does not constitute deficient performance. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (holding that mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective-assistance-of-counsel claim).

Further, Villa's allegation that he would not have pled guilty if he had known he would not receive a 17-to-18-year sentence is insufficient to establish prejudice. "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice . . . The defendant must go further and present objective evidence that a reasonable probability exists that he would have taken that step." *United States v.*

*Cielowski*, 410 F.3d 353, 359 (7th Cir. 2005) (internal quotation marks and citations omitted). Villa has failed to present such objective evidence; therefore, his claim is denied.

Villa also alleges that his counsel failed to address the *Kimbrough* issue orally at his sentencing hearing. *Kimbrough* provides that the cocaine sentencing guidelines, like other sentencing guidelines, are advisory only; and a district court is permitted to depart from the guidelines when it determines that the crack/powder cocaine disparity yields a sentence greater than necessary in a given case. *Id.*

In Klein's sentencing memorandum, Villa's counsel requested a departure from the Sentencing Guidelines based on the 100:1 crack/powder cocaine ratio. At the sentencing hearing, however, the district court stated that it was aware of the *Kimbrough* issue but wanted counsel to address the factors under 18 U.S.C. § 3553(a). Thus, Villa's counsel's focus on the Section 3553 sentencing factors at the sentencing hearing was appropriate. The district court ultimately departed 84 months below the Guidelines range based on these factors. Given that the district court applied a significant downward departure, Villa has not shown a reasonable probability that the departure would have been greater had counsel raised the *Kimbrough* issue orally at the hearing. *See Strickland*, 466 U.S. at 696 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Finally, Villa alleges that his counsel was ineffective in failing to challenge his sentence based on the *Kimbrough* issue at his appeal. However, Villa, in opposition to

6

his counsel's *Anders* brief, filed his own brief raising the issue. The Court of Appeals rejected his argument and found that there were no non-frivolous issues for appeal. Therefore, Villa's counsel acted reasonably in not raising the *Kimbrough* issue, as the failure to do so did not change the outcome of the appeal.

*Certificate of Appealability*

Rule 11 of the Rules Governing § 2255 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. "A certificate of appealability may issue under paragraph (1) only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As discussed above, Villa has failed to make a substantial showing of the denial of a constitutional right in the instant Motion. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the foregoing reasons, Ricardo Villa's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. A certificate of appealability shall not issue.

Date: 8-31-11

JOHN W. DARRAH
United States District Court Judge